IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES D. JONES, II, TIMOTHY E. JONES
and JANET L. JONES,

    Plaintiffs,

v.                                 Civil Action No. 1:13CV11
                                              (STAMP)
CONSOLIDATED COAL COMPANY,
d/b/a CONSOL ENERGY, a Delaware
for profit corporation authorized
to do business in West Virginia,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR A JURY VIEW**

I.   Procedural History

This case was removed to this Court from the Circuit Court of Marion County, West Virginia. There were originally two defendants, however, the parties stipulated to the dismissal of Consol Energy, Inc.; thus, Consolidation Coal Company is the only remaining defendant. The plaintiffs are seeking a declaratory judgment that they are the owners of a 0.25 acre parcel of land in Marion County, West Virginia, and seek compensatory damages for willful trespass for the defendant's removal of coal underlying the parcel and for the defendant's continued use of the subsurface. The defendant filed an answer and counterclaim to the plaintiffs' complaint. In its counterclaim, the defendant claims that it had rightful possession of the property pursuant to adverse possession. Thus, the defendant requests that this Court find that it is

entitled to a declaratory judgment that title to the property was acquired through adverse possession and quiet title to the 0.25 acre parcel of land.

The defendant requested a jury view of the subject property in the joint pretrial order submitted to this Court on March 12, 2014. The plaintiffs indicated in that order that they objected to the defendant's request. This Court then held a pretrial conference on March 17, 2014 at which this Court heard further argument from the parties regarding the jury view.

## II. Discussion

The defendant has requested that this Court allow a jury view of the subject property. The defendant, at the pretrial conference, indicated that the subject property is at a location 40 minutes from the United States Bankruptcy Court in Clarksburg, West Virginia, where the trial in this action will be held. The defendant further indicated that the jury view is necessary because the photographs that have been taken of the subject property do not accurately depict the size of the property, a creek that runs through the property, and the proximity of a garage on the property to the creek. The plaintiffs objected to this request due to the difficulty of fulfilling this request because of the location of the property and the costs involved in allowing such a view.

Although the United States Court of Appeals for the Fourth Circuit has not so held, several circuits have held and the

2

prevailing view is that, "a federal court, exercising its inherent powers, may allow a jury in either a civil or a criminal case to view places or objects outside the courtroom." <u>Clemente v. Carnicon-Puerto Rico Management Assocs., L.C.</u>, 52 F.3d 383, 385 (1st Cir. 1995), *overruled on other grounds by* <u>United States v. Gray</u>, 199 F.3d 547, 550 (1st Cir. 1999); <u>see also</u> <u>Kelley v. Wegman's Food Markets, Inc.</u>, 98 F. App'x 102, 104-05 (3d Cir. 2004); <u>United States v. Triplett</u>, 195 F.3d 990, 999 (8th Cir. 1999); <u>United States v. Moonda</u>, 347 F. App'x 192, 201 (6th Cir. 2009). Further, a district court's decision to disallow a jury view "is highly discretionary." <u>Triplett</u>, 195 F.3d at 999; <u>see also</u> <u>Moonda</u>, 347 F. App'x at 201; <u>Kelley</u>, 98 F. App'x at 104-105.

Based on this discretion, a district court may deny a party's request for a jury view if the court believes it would be "time consuming, difficult to control, and . . . [un]necessary in order for the jury to fully appreciate the case." <u>Kelley</u>, 98 F. App'x at 105. Further, a court may deny a party's request for a jury view where the other evidence available is sufficient otherwise without the view. <u>Id.</u> (upholding denial of a jury view where the district court had allowed numerous photographs and reports and relevant testimony into evidence); <u>United States v. Passos-Paternina</u>, 918 F.2d 979, 986 (1st Cir. 1990) (denying request for a jury view of a ship where there was "sufficient testimonial evidence about the vessel"); <u>United States v. Culpepper</u>, 834 F.2d 879, 883 (10th Cir.

3

1987) (upholding the district court's denial of a jury view where the evidence included photographs from the day after the events in question occurred); Triplett, 195 F.3d at 999 (upholding the denial of a jury view where the trial evidence included photographs and diagrams of the sites of the defendant's arrests in addition to testimony concerning the circumstances and conditions at those locations at the relevant times); Hametner v. Villena, 361 F.2d 445, 446 (9th Cir. 1966) (upholding denial where the evidence included photographs and a surveyor's diagram of the scene, and the requested jury view, "with its attendant delay and inconvenience, was unnecessary and unwarranted").

At the pretrial conference, the Court discussed with the parties the possibility of the defendant taking a video of the property in order to provide a more accurate depiction of the property. Both parties agreed to entertain the idea and to work with each other to do so. Further, the Court advised counsel for the parties that the Court is willing to allow the parties to submit additional drawings, photographs, or other depictions of the property as necessary. Given these concessions, the Court finds that the jury view should be denied as there are alternative means that the parties may utilize to depict views of the property.

The parties have already submitted photographs of the subject property and have provided witness lists that include persons who will testify as to the condition and layout of the property. This

is coupled with the fact that the subject property is 40 minutes away from the point of holding court and that significant travel accommodations would need to be made for the jury. Further, given the time of year, it is also unclear whether or not the weather will be appropriate for travel to the subject property during the trial to commence on March 25, 2014. Thus, because of the inconvenience and undue delay that would be caused by a jury view, weighed against the fact that there is evidence that could be and has been proffered as to the condition and lay out of the property making a jury view unnecessary, the defendant's request for a jury view is denied.

### III. Conclusion

Based on the analysis above, the defendant's motion for a jury view is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: March 19, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE