IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES D. JONES, II, TIMOTHY E. JONES
and JANET L. JONES,

    Plaintiffs,

v.                                              Civil Action No. 1:13CV11
                                                              (STAMP)

CONSOLIDATED COAL COMPANY,
d/b/a CONSOL ENERGY, a Delaware
for profit corporation authorized
to do business in West Virginia,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AS FRAMED
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
PLAINTIFFS' TESTIMONY REGARDING VALUATION
OF COAL MINE OR USE OF SUBSURFACE AND
DEFERRING RULING ON $300,000.00 CLAIM OF DAMAGES**

    I.    Procedural History

This case was removed to this Court from the Circuit Court of Marion County, West Virginia. There were originally two defendants, however, the parties stipulated to the dismissal of Consol Energy, Inc.; thus, Consolidation Coal Company is the only remaining defendant. The plaintiffs are seeking a declaratory judgment that they are the owners of a 0.25 acre parcel of land in Marion County, West Virginia, and seek compensatory damages for willful trespass for the defendant's removal of coal underlying the parcel and for the defendant's continued use of the subsurface. The defendant filed an answer and counterclaim to the plaintiffs' complaint. In its counterclaim, the defendant claims that it had

rightful possession of the property pursuant to adverse possession. Thus, the defendant requests that this Court find that it is entitled to a declaratory judgment that title to the property was acquired through adverse possession and quiet title to the 0.25 acre parcel of land.

The defendant has filed two motions in limine. In its first motion in limine, the defendant requests that this Court exclude any testimony the plaintiffs may offer regarding the valuation of the coal mined from the property or the use of the subsurface of the property. The plaintiffs timely filed responses to both of the defendant's motions.

## II. Facts

The plaintiffs contend that they were conveyed the parcel in question by general warranty deed from Sandra Grace Powell Snodgrass in July 2009. After being conveyed the property, the plaintiffs indicate that they were in negotiations with the defendant to sell the 0.25 acre parcel to the defendant. However, those negotiations fell through and the plaintiffs brought this action because the defendant had already been removing coal from the parcel. The defendant argues that in 1977, a deed was given for the 0.25 parcel from Sandra Powell and James F. Powell to Warren E. Mafield and Juanita V. Mafield. The defendant asserts that the Mafields adversely possessed the property from 1977 until March 5, 2009 when Juanita V. Mafield sold the parcel to the

2

defendant. Thus, the defendant asserts that the plaintiffs have no standing for their claims because the defendant is the rightful owner of the property.[1]

    III.  <u>Defendant's Motion in Limine to Exclude Testimony</u>

The defendant requests that this Court exclude any testimony the plaintiffs attempt to use regarding the valuation of coal mined or under the subject property or the value of the continued use of the subsurface for air flow. The defendant indicates that the plaintiffs have not identified any expert to do these calculations but have instead presented their own calculations through discovery. The defendant argues that because the plaintiffs have not presented expert testimony but merely lay testimony, they should be excluded from introducing any evidence on the value of the coal mined from the subsurface of the property or the value of the continued use of the subsurface for air flow.

The plaintiffs argue in their response that although the defendant has cited the correct law for calculating damages, it also has the burden of proof of showing whether or not it should receive any offset for production costs. Thus, the offset is not guaranteed for the defendant. Further, the plaintiffs contend that they should be able to argue that the value of the continued use of

---

[1] This short factual statement is not a complete version of what the parties claim has occurred in this case but rather is provided as background to the parties' arguments in relation to the motions in limine.

the property is at least $300,000.00 because the defendant filed an affidavit with this Court stating that it would, at a minimum, cost the defendant that much to seal off a portion of the mine shaft that runs under the subject property. Additionally, the plaintiffs assert that they should be able to testify as to the annoyance and inconvenience that was caused by the defendant's trespass.

  A. <u>Damages for the Removal of the Coal</u>

  The plaintiffs concede that the defendant cites the correct law for calculating damages for the wrongful removal of coal and other minerals by a trespasser. As such, if the defendant is found to have trespassed in this action, the damages for the removal of the coal from the subsurface of the subject property will be calculated based on whether or not the defendant trespassed innocently or willfully. Damages for an innocent trespass, under West Virginia law, are calculated by reducing the price of the removed coal by the cost of mining and removal by the trespasser. Syl. Pt. 6, <u>Bryan v. Big Two Mile Gas Co.</u>, 577 S.E.2d 258 (W. Va. 2001) (citing Syl. Pt. 8, <u>Pan Coal Co. v. Garland Pocahontas Coal Co.</u>, 125 S.E. 226 (W. Va. 1924)). However, damages for a willful trespass, under West Virginia law, are calculated as the price of the removed coal "at the pit-mouth or loading tipple, without deduction for mining and carrying it to the place of conversion." <u>Id.</u>

4

Based on the above, the defendant's motion is granted in part pursuant to Federal Rule of Evidence 702. Under Rule 702,

> "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

As the calculations involved in determining the damages in this case may require an expert opinion about the valuation of the coal removed from the subsurface of the subject property, the plaintiffs would have had to identify an expert to render an opinion about those damages. As the plaintiffs have not disclosed any expert to opine as to those damages, the plaintiffs are precluded from introducing any expert testimony related to the value of the coal mined under the subject property or the value of the continued use of the subsurface for air flow.

However, this Court notes that "[i]t is generally, if not universally, accepted that an owner of property may testify as to his or her opinion of such property's value without demonstrating any additional qualifications to give opinion evidence." In re Brown, 244 B.R. 603, 611 (W.D. Va. BR. 2000) (citing Justice v. Pennzoil, 598 F.2d 1339, 1344 (4th Cir. 1979); Kestenbaum v. Falstaff Brewing Corp., 514 F.2d 690 (5th Cir. 1975); Neff v. Kehoe, 708 F.2d 639 (11th Cir. 1983)). Thus, "[q]ualified and

5

knowledgeable witnesses, [including the owner of the property] may give their opinion or estimate of the value of the property . . . but to have probative value, that opinion or estimate must be founded upon substantial data, not mere conjecture, speculation or unwarranted assumption. It must have a rational foundation." <u>United States v. Sowards</u>, 370 F.2d 87, 92 (10th Cir. 1966); <u>see also</u> <u>Christopher Phelps & Associates, LLC v. Galloway</u>, 492 F.3d 532, 542 (4th Cir. 2007) (citing Fed. R. Evid. 701) ("Lay opinion testimony [ ] may appropriately be admitted if it is helpful to the jury; if it is based on the perception of the witness; and if it is not expert testimony under Federal Rule of Evidence 702."). Thus, at this time, given that the Court is unaware of the testimony that the plaintiffs may want to proffer given that they are the owners of the subject property, the Court cannot conclusively determine whether or not they would be allowed to provide lay testimony on the value of the property in terms of an innocent or willful trespass. However, this Court couches this finding by reminding the plaintiffs that any testimony they may want to give must not be speculative or based on conjecture. This Court will, therefore, require a detailed proffer from plaintiffs as to the specific testimony to be offered prior to plaintiffs offering any testimony as to the value of the property through the plaintiffs. As such, the defendant's motion in limine is granted in part as framed.

B.  <u>Plaintiffs' Claim as to the $300,000.00</u>

The plaintiffs argue that the damages covered by <u>Bryan</u> and <u>Pan Coal</u> are not the only available damages. To reiterate, the plaintiffs contend that they are also entitled to testify as to the value of the property, up to $300,000.00, because the defendant has asserted that it would cost $300,000.00 to seal off a portion of the mine shaft that runs through the subject property.

The plaintiffs' claim for $300,000.00 is based on the cost that the defendant would incur, not the plaintiffs. However, during the pretrial conference, the defendant conceded that if found to be trespassing, it would shut off the mine shaft which would likely cost the defendant $300,000.00 but which would be solely incurred by the defendant. Other than this admission and the plaintiffs' short briefing of the matter in its response to the defendant's motion in limine, the Court has no other information on how or why the parties feel this evidence should not or should be admitted. Thus, the Court will defer ruling on this matter until the Court is provided with more information on the evidence that the parties intend to proffer on this area of damages and why such damages should be considered by the jury or by this Court.

C.  <u>Damages for Annoyance and Convenience</u>

The plaintiffs also cite <u>Jarrett v. E.L. Harper & Son</u>, 235 S.E.2d 362 (W. Va. 1977), for their contention that they are entitled to damages due to annoyance and inconvenience caused by

7

the defendant's trespass. This Court's reading of Jarrett, however, does not support the plaintiffs' claim for damages due to annoyance and inconvenience. In Jarrett, the West Virginia Supreme Court stated that "[o]rdinarily, loss of use is measured by lost profits or lost rental value. When that standard is difficult to apply because the property in question is not used commercially, it may be necessary to formulate a measure of damages that is more uniquely adapted to the plaintiffs' injury." Id. at 404. In this case, there is a standard calculation for damages in cases such as this and the property was being used commercially by the defendant. Accordingly, the plaintiffs are not entitled to damages for inconvenience and annoyance in this action and may not offer evidence to support such damages.[2]

## IV. Conclusion

Based on the analysis above, the defendant's motion in limine to exclude plaintiffs' testimony regarding valuation of coal mined or use of subsurface is hereby GRANTED IN PART AS FRAMED and a ruling is DEFERRED IN PART on the plaintiffs' claim as to the $300,000.00.

IT IS SO ORDERED.

---

[2] Although both parties earlier mentioned possible recovery of treble damages, the plaintiffs conceded at the pretrial conference held by this Court on March 17, 2014 that they are not entitled to treble damages. Accordingly, this Court will not discuss those damages as they are no longer in contention.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 19, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE