IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES D. JONES, II, TIMOTHY E. JONES
and JANET L. JONES,

    Plaintiffs,

v.                                  Civil Action No. 1:13CV11
                                                (STAMP)

CONSOLIDATION COAL COMPANY
d/b/a CONSOL ENERGY, a Delaware
for profit corporation authorized
to do business in West Virginia,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING IN PART DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE TESTIMONY ON DAMAGES AS IT
PERTAINS TO THE $300,000.00 CLAIM AND
CONFIRMING PRONOUNCED ORDER OF THE COURT
GRANTING DEFENDANT'S MOTION IN LIMINE
TO REORDER AND BIFURCATE**

I.  Procedural History

This case was removed to this Court from the Circuit Court of Marion County, West Virginia. There were originally two defendants, however, the parties stipulated to the dismissal of Consol Energy, Inc.; thus, Consolidation Coal Company is the only remaining defendant. The plaintiffs are seeking a declaratory judgment that they are the owners of a 0.25 acre parcel of land in Marion County, West Virginia, and seek compensatory damages for willful trespass for the defendant's removal of coal underlying the parcel and for the defendant's continued use of the subsurface.

The defendant filed an answer and counterclaim to the plaintiffs' complaint. In its counterclaim, the defendant claims that it had rightful possession of the property pursuant to adverse possession by Warren and Juanita Mafield, persons who allegedly occupied the subject property. Thus, the defendant requests that this Court find that it is entitled to a declaratory judgment that title to the property was acquired through adverse possession and quiet title to the 0.25 acre parcel of land.

The defendant has filed two motions in limine. In its first motion in limine, the defendant requests that this Court exclude any testimony the plaintiffs may offer regarding the valuation of the coal mined from the property or the use of the subsurface of the property. This Court had previously granted that motion in part. This order will discuss the issue left open by that order, namely the plaintiffs' contention that they may have a claim for $300,000.00 in damages. In its second motion in limine, the defendant requests that this Court allow the defendant to present its case first as to the adverse possession claim and that the issue of damages be bifurcated from the adverse possession phase. The plaintiffs timely filed responses to both of the defendant's motions.

## II.  The Plaintiffs' $300,000.00 Claim

As stated in this Court's previous order, the Court was unsure of what the parties actual contentions were as to the plaintiffs'

claim that they may be entitled to $300,000.00 in damages. This issue arose because the defendant had indicated in an affidavit by Phillip J. Molesky, an employee of a subsidiary of the defendant, filed with its notice of removal (ECF No. 1-4) as part of defendant's contentions that the amount in controversy exceeded $75,000.00 exclusive of interest and costs, that it would likely cost approximately $300,000.00 to perform remedial work to seal the coal mine on the subject property. Before commencing trial, the parties indicated that the $300,000.00 claim was still in contention but that neither had prepared evidence to present the $300,000.00 claim to the jury. Further, the parties indicated that they were unsure of how such a claim should be presented to the jury.

As such, this Court found that if this Court were to proceed to the damages phases, that the parties would not present evidence on the plaintiffs' $300,000.00 claim. Rather, this Court would hold that issue in contention to possibly be decided at a later point in time after an evidentiary hearing could be held by this Court. As such, as much as the defendant's motion in limine regarding the exclusion of testimony on damages addressed the $300,000.00 claim, this Court will deny in part that part of the defendant's motion.[1]

---

[1] In the alternative, the Court finds that this issue is moot because the trial ended after the adverse possession phase and before this Court finally ruled on this part of the defendant's

III. <u>Defendant's Motion in Limine to Reorder and Bifurcate</u>

The defendant requests that this Court allow the defendant to present its case first because it has the burden of proof in this action. Further, the defendant requests that this Court bifurcate the issue of judgment of ownership of the subject property and the issue of trespass and damages. The plaintiffs object to the defendant's motion and argue that because the defendant has denied the plaintiffs' allegations that they acquired ownership by general warranty deed, the plaintiffs would still have the burden of proving they are the rightful owners even if the defendant did not prevail on the adverse possession claim. However, the plaintiffs indicate that they would not object to the defendant's motion if the parties were able to enter into a pretrial stipulation that if the defendant did not prevail on its claim of adverse possession, this would conclude the issue of title. Thus, the only issue that would be left would be the amount of damages the plaintiffs have sustained.

At the pretrial conference held by this Court on March 17, 2014, the defendant stipulated that if it lost its adverse possession claim at that phase of the trial, it would concede that the plaintiffs had rightful title to the subject property. As the plaintiffs had indicated in their response that such a stipulation

---

motion. As such, the trial did not proceed to the damages phase and thus this issue was mooted.

would quiet their contentions to the defendant's motion, the Court grants the defendant's motion. The Court notes that this order is only reiterating this Court's earlier ruling on March 24, 2014, which was made before the commencement of trial on March 25, 2014.

## IV. Conclusion

Accordingly, based on the analysis above, the defendant's motion in limine as it relates to the plaintiffs' contention for $300,000.00 in damages is DENIED IN PART. Further, the defendant's motion in limine to reorder and bifurcate is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 27, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE